**In re Richard T. HOFFMAN, Cheryl A. Hoffman, Debtors.**

**Bankruptcy No. 2–88–05516.**

United States Bankruptcy Court, S.D. Ohio, E.D.

March 10, 1989.

Anthony J. Celebrezze, Jr., Atty. Gen., Jay M. Patterson, Asst. Atty. Gen., Claims Counsel, Ohio Student Loan Com'n, Columbus, Ohio.

Frank M. Pees, Worthington, Ohio, Chapter 13 Trustee.

## ORDER ON CLAIM ATTEMPTED TO BE TRANSFERRED

BARBARA J. SELLERS, Bankruptcy Judge.

On January 30, 1989 the State of Ohio, Ohio Student Loan Commission ("OSLC") filed in this case a "Notice of Transfer of Claim and Waiver of Related Notice and Hearing". By a proposed order submitted with that filing OSLC expects this Court to order the claim of Columbus Repayment Center transferred to the OSLC. For reasons set forth below the Court will not order such transfer.

The Court notes that OSLC often files such notices in bankruptcy cases in this Court. All are ineffective to waive the notice mandated by Bankruptcy Rule 3001(e)(2) to be given to the original claimant. OSLC cannot waive the rights of a third party, and all such transfers must therefore be noticed to the original claimant. Although OSLC served its notice upon the debtors, their attorney and the Chapter 13 trustee, none are the real party affected by the transfer. In the large volume of transfers apparently made to OSLC, the notices required to be made by this Court are a significant burden on the resources of its Clerk's office. Nevertheless, the purpose for the rule is to prevent the fraudulent transfer of claims for the purpose of receiving unwarranted dividends and the requirement must be fulfilled.

OSLC's notice further refers the Court to an exhibit A, said to be a copy of the claim being transferred. No such exhibit was attached and the Court, therefore, cannot even determine what claim OSLC is attempting to have transferred to itself. The Court notes that a separate document was filed January 30, 1989 purporting to transfer rights in a loan from Columbus Repayment Center to OSLC. No claim has been filed in this case by that entity however.

In response to inquiry from the Clerk's office, made at the direction of the Court, OSLC sent a copy of a Seller's Blanket Assignment, designated as Exhibit E and dated August 28, 1986. That assignment purports to transfer certain notes from The Huntington National Bank to The Student Loan Funding Corporation. No specific loans are identified nor is the relationship of The Student Loan Funding Corporation to OSLC set forth. Nowhere does the name appear of either debtor in this jointly filed case. It is not clear for what purpose this Seller's Blanket Assignment is offered.

The Court finds a total lack of completeness or relevance in the documents presented by OSLC. Based upon that finding, the Court will not transfer any claim filed in this case to OSLC without the consent of the entity which filed the claim, which the Court believes to be The Huntington National Bank. OSLC is further admonished that future attempted assignments must be complete and must provide a traceable connection between the purported assignor and OSLC or such notices will not result in orders from this Court.

IT IS SO ORDERED.